IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 05-cv-01219-EWN-MEH

TRAVIS NITCHMAN,

Plaintiff,

v.

UNION PACIFIC RAILROAD COMPANY, INC.,

Defendant.

---

### RECOMMENDATION ON MOTION TO AMEND

---

**Entered by Michael E. Hegarty, United States Magistrate Judge.**

Pursuant to 28 U.S.C. § 636(b)(1)(A) and D.C. COLO. L.Civ.R 72.1, Plaintiff's Amended Motion for Leave to Amend Complaint [Filed October 28, 2005; Docket #12] has been referred to this Court for Recommendation. Defendant filed its Response [Docket #17], and Plaintiff replied [Docket #21]. The matter now being fully briefed is ripe for decision. For the reasons set forth below, the Court recommends that Plaintiff's Amended Motion for Leave to Amend Complaint be **granted** in part and **denied** in part.

### I.     Factual and Procedural Background

Plaintiff initially brought this action in state court, and Defendant removed the action to federal court based on diversity jurisdiction. Plaintiff filed a Motion to Remand and argued that he intended to add non-diverse parties to the lawsuit. That motion was denied by United States District Judge Edward W. Nottingham. (Docket #19)  Judge Nottingham determined that diversity jurisdiction existed at the time Defendant removed the action from state court, and concluded that any joinder of parties should be addressed under the applicable Federal Rules of Civil Procedure.

Plaintiff subsequently filed a Motion to Amend Complaint to add these non-diverse parties and add a claim for punitive damages against all Defendants. Plaintiff argues that these amendments should be allowed under Fed. R. Civ. P. 15 and 20, because the allegations against these other parties arise out of the same occurrence and series of events. To support his claim for punitive damages, Plaintiff argues that Defendant's failure to provide proper warning signals at the crossing and to ensure that the view of the crossing area was unobstructed was attended by fraud, malice, or willful and wanton conduct in that Defendant's conduct was done heedlessly and recklessly without regard for the rights of others.

In response, Defendant argues that under Fed. R. Civ. P. 19 these other parties are not indispensable parties and need not be added to the suit. Morever, now that the suit is in federal court, these parties cannot be added without destroying diversity jurisdiction. Defendant objects to Plaintiff's amendment for punitive damages, because Plaintiff has not established *prima facie* proof of a triable issue regarding punitive damages.

## II.    Joinder of Parties

### A.    Legal Standard for Joinder

The parties disagree over whether joinder of parties after a case has been removed by a defendant is governed by the rigid guidelines of Rule 19 or the more flexible standards of Rules 15 and 20. Rule 19 will require Plaintiff to establish that these parties are indispensable to this case, but Rules 15 and 20 will allow Plaintiff's amendment if fundamental principles of fairness so require. *See Da Cruz v. Towmasters of N.J., Inc.*, 217 F.R.D. 126 (E.D.N.Y. 2003); *Nazario v. Deere & Co.*, 295 F. Supp.2d 360, 363 (S.D.N.Y. 2003). The appropriate application of these rules after removal is further influenced by 28 U.S.C. § 1447(e) (directing remand if joinder of non-diverse parties is

allowed) and 28 U.S.C. § 1367(b) (denying supplemental jurisdiction over state-law claims against non-diverse parties).

A court determining the appropriateness of joinder after a case has been removed to federal court is faced with two choices: "If after removal the plaintiff seeks to join additional defendants whose joinder would destroy subject matter jurisdiction, the court may deny joinder, or permit joinder and remand the action to the State court." 28 U.S.C. § 1447(e). "Under Section 1447(e), the actual decision on whether or not to permit joinder of a defendant under these circumstances is committed to the sound discretion of the district court; thus, this decision is not controlled by a Rule 19 analysis." *Mayes v. Rapoport*, 198 F.3d 457, 462 (4th Cir. 1999). Rather, the Court must "balance the defendant's interest in retaining the federal forum with the plaintiff's competing interest in avoiding parallel federal and state litigation. *E.g.*, *Ryan v. Schneider Nat'l Carriers, Inc.*, 263 F.3d 816, 819 (8th Cir. 2001). A balancing of the equities under the Court's discretion is a more appropriate analysis in this case than are the rigid requirements of Rule 19, because remand remains an option. *See Nazario*, 295 F. Supp.2d at 363. In striking this balance, the Court must consider whether the purpose of Plaintiff's amendment is to destroy diversity jurisdiction, whether the amendment was unduly delayed, and whether Plaintiff will be prejudiced if the amendment is denied. *E.g.*, *Mayes*, 198 F.3d at 463 (relying on the doctrine of fraudulent joinder to deny joinder of non-diverse parties); *Da Cruz*, 217 F.R.D. at 134 (listing factors to consider before allowing joinder).

**B.     Discussion**

Plaintiff seeks to join three individual defendants who are residents of Colorado, as well as First Industrial, L.P. Regarding the three individual defendants, Plaintiff argues that denying joinder will require Plaintiff to file a separate suit against these individuals in state court. Defendant argues

that these individuals are all employees of Defendant for whom Defendant is vicariously liable for their negligence. If Plaintiff would be able to assert any additional claims or recover additional relief from these individuals, duplicative state court litigation would indeed be necessary. If, however, Plaintiff is unlikely to recover any additional relief from these individuals, the Court believes it is reasonable to infer an intent to destroy diversity jurisdiction from this joinder. *See Montano v. Allstate Indem.*, No. 99-2225, 2000 U.S. App. LEXIS 6852 (10th Cir. Apr. 14, 2000) (finding no intent to destroy diversity jurisdiction if plaintiff has a possibility of recovery against non-diverse party). The individuals who Plaintiff seeks to join are the locomotive engineer, the brakeman, and the conductor of the Union Pacific train that struck Plaintiff's vehicle.

Plaintiff alleges that all three individuals were negligent in the performance of their duties and, therefore, liable for Plaintiff's injuries. Under the doctrine of *respondeat superior*, Defendant is liable for any negligence on the part of these three individuals. *Grease Monkey Int'l v. Montoya*, 904 P.2d 468, 473 (Colo. 1995) ("'[A] master is liable for the unauthorized torts of his servant . . . if the servant's conduct was in same way caused by an intent to serve his employer's interests and connected with his authorized acts.'") (citations omitted). Defendant even admits that it is responsible for their actions, and Plaintiff does not allege that any of their actions occurred outside the scope of their employment. Thus, the Court finds no need to join these parties simply based on their alleged inattentiveness because Plaintiff can seek no additional recovery from them.

Although Plaintiff did not delay in seeking this amendment, the Court also finds no prejudice to Plaintiff in denying joinder of these individuals, given Defendant's vicarious liability for their actions. Based on the lack of prejudice to Plaintiff, the Court believes Plaintiff sought joinder of these individuals only for the purpose of destroying diversity jurisdiction. As such, the Court recommends

that Plaintiff's Amended Motion for Leave to Amend Complaint be **denied** with respect to joinder of the three individual employees of Defendant, Donald A. Cook, Jason L. Brown, and Brian A. Green .

Regarding First Industrial, L.P., Plaintiff first argues that he will be forced to file suit against First Industrial, L.P., in state court because it is responsible for the property adjacent to the railroad crossing at which the collision in this case occurred. Defendant does not dispute this argument. Plaintiff's claims for liability are based in part on the lack of warning of the crossing provided by Defendant and the obstructed view of the crossing allegedly caused by First Industrial, L.P. The Court believes that Plaintiff may be able to seek additional relief from First Industrial, L.P. As such, the Court finds that Plaintiff's intention in joining this party is not to destroy diversity jurisdiction. In addition, Plaintiff will be prejudiced if this party cannot be joined because of the additional avenues of recovery available against this party.

As a limited partnership, First Industrial is a resident of every state, for purposes of diversity jurisdiction, in which each of its partners are residents. *Grupo Dataflux v. Atlas Global Group, L.P.*, 541 U.S. 567, 569 (2004). Defendant contends that Plaintiff has not properly asserted the Court's jurisdiction over this party because Plaintiff has not provided the Court with the state residency of all members of the partnership. Plaintiff's response is that it has satisfied the requirements to invoke this Court's jurisdiction, and the burden now shifts to First Industrial, L.P. to contest such jurisdiction. The Court agrees. All that is required of Plaintiff is to assert a *prima facie* case of this Court's jurisdiction. *Wenz v. Memery Crystal*, 55 F.3d 1503, 1505 (10th Cir. 1995). The Defendant against whom such jurisdiction is asserted must then contest Plaintiff's assertion.

Here, Plaintiff asserts that First Industrial, L.P., is a Delaware Limited Partnership whose

5

principal place of business is Illinois. Defendant does not assert that any partner of First Industrial, L.P., is a resident of Colorado, only that Plaintiff has not established that all partners are not residents of Colorado. These assertions sufficiently invoke the Court's jurisdiction over First Industrial, L.P., for this stage of the proceedings. *Intercon, Inc. v. Bell Atl. Internet Solutions, Inc.*, 205 F.3d 1244, 1247 (10th Cir. 2000) ("Although plaintiff bears the burden of establishing personal jurisdiction over defendant, . . . in the preliminary stages of litigation this burden is 'light.'"). The burden now shifts to First Industrial, L.P., to contest this Court's jurisdiction.

Based on the possibility that Plaintiff can recover from First Industrial, L.P., independently of Defendant Union Pacific, the Court finds that Plaintiff will be prejudiced if he cannot join First Industrial, L.P., as a party to this lawsuit. Having sufficiently invoked this Court's jurisdiction over First Industrial, L.P., the Court recommends that Plaintiff's Amended Motion for Leave to Amend Complaint be **granted** with respect to joinder of First Industrial, L.P., as a Defendant.

### III.     Amendment for Punitive Damages

#### A.     Legal Standard for the Amendment

Pursuant to Fed. R. Civ. P 15(a), the Court is to freely allow amendment of the pleadings "when justice so requires." "Refusing leave to amend is generally only justified upon a showing of undue delay, undue prejudice to the opposing party, bad faith or dilatory motive, failure to cure deficiencies by amendments previously allowed, or futility of amendment." *Frank v. U.S. West, Inc.*, 3 F.3d 1357, 1365 (10th Cir. 1993).

The Court should deny a motion to amend the complaint if such an amendment would be futile. *Bradley v. Val-Mejias*, 379 F.3d 892, 901 (10th Cir. 2004). For example, an amendment is futile if it would not survive a motion to dismiss. Dismissal is warranted, and therefore amendment

is futile, only if Plaintiff can prove no set of facts in support of his amendment that would entitle him to relief. *E.g., Beckett v. United States*, 217 F.R.D. 541, 543 (D. Kan. 2003). In this case, the Court is exercising diversity jurisdiction, which requires the Court to follow federal procedural law and state substantive law. *Boyd Rosene & Assocs., Inc. v. Kansas Mun. Gas Agency*, 174 F.3d 1115, 1118 (10th Cir. 1999). Thus, the Court may allow the amendment, procedurally under Rule 15(a), if the amendment is not futile under state substantive law.

Colorado law applies here. Pursuant to C.R.S. § 13-21-102(1.5)(a), a Complaint cannot initially include a request for exemplary damages. Instead, the Plaintiff must seek leave of the Court to amend his Complaint to include a request for exemplary damages after initial disclosures are exchanged, and plaintiff can establish *"prima facie* proof of a triable issue." C.R.S. § 13-21-102(1.5)(a). Plaintiff now seeks leave to amend his Complaint to include a claim for punitive damages against all Defendants.

### B. Discussion

In this case, the deadline for joinder of Parties and Amendment of Pleadings was October 31, 2005. Plaintiff filed the instant motion on October 28, 2005. Thus, Plaintiff need only satisfy the liberal requirements of Rule 15(a) to amend the pleadings. Because leave should be freely given under Rule 15(a), the Court believes that this amendment should be denied only if it would be futile.

Under Colorado law, Plaintiff must establish *primae face* proof of a triable issues as to whether Defendants acted with "fraud or malice or willful and wanton conduct." *Hoyt v. Target Stores*, 981 P.2d 188, 191 (Colo. App. 1998). Plaintiff argues the following as support for this issue:

> [T]he actions and inactions of the Defendants in failing to provide proper warning signals at the crossing and/or to ensure that a competent employee(s) warned oncoming traffic of the approaching train, and/or to ensure that the crossing area

7

> view was free of obstructive vegetation and vehicles, directly resulted in the severe and permanent injuries to Mr. Nitchman. Defendant's conduct was patently dangerous, and was done heedlessly and recklessly, without regard to consequences or of the rights and safety of others, particularly the Plaintiff, Mr. Nitchman.

Amend. Mot. to Amend Complaint, ¶ 15. In response, Defendant contends that Plaintiff provides only a "bald assertion" that Defendant's conduct was reckless and fails to present any evidence or factual allegations to establish such reckless conduct.

To satisfy the Rule 12(b)(6) standard, Plaintiff need only establish a *prima facie* issue that Defendant's conduct was willful and wanton. C.R.S. § 13-21-102(1.5)(a). This is all that is necessary for the amendment to survive the question of futility. According to the Colorado Supreme Court, "Where the defendant is conscious of his conduct and the existing conditions and knew or should have known that injury would result, the statutory requirements of section 13-21-102 are met." *Coors v. Security Life of Denver Ins. Co.*, 112 P.2d 59, 66 (Colo. 2005). Here, Plaintiff must establish *prima facie* proof that Defendants knew of the condition of the crossing and should have known that injury would result due to this condition. This is sufficient to show that Defendants were reckless with regard to the rights of others.

### 1.     **Punitive Damage Claim Against Defendant Union Pacific**

The Court disagrees with Defendant's assertion that Plaintiff has produced no evidence or allegations regarding punitive damages. Plaintiff's Motion incorporates by reference his Third Amended Complaint which contains the following factual allegations:

> 14.   The railroad crossing was marked solely by a single crossbuck, the view of which was significantly obstructed at the time of the incident.
> 15.   The railroad crossing was not identified by lights, a stop sign or any other type of safety signage,
> 16.   The tracks on which the train was approaching the intersection were not visible, as they were behind a building, and were not upraised in the street.

> 17. The train did not sound its whistle until it was too late for Mr. Nitchman to recognize the large engine bearing down on his vehicle.
>
> . . .
>
> 25. The at-grade railroad highway crossing has an inadequate visibility triangle, so that a motorist traveling within the posted speed limit of 25 mph on 55th Avenue has inadequate opportunity to observe and safely stop for a train at the at-grade crossing.

Third Amend. Complaint, Dock. #12-2.

Plaintiff alleges that the view of this crossing was severely obstructed due to Defendant Union Pacific's failure to provide reasonable notice and warning of the crossing. The Court believes that these allegations satisfy Plaintiff's burden at this stage of proceedings. Thus, the Court recommends that Plaintiff's Amended Motion for Leave to Amend Complaint be **granted** with respect to a claim for punitive damages against Defendant Union Pacific.

### 2. Punitive Damage Claim Against Individual Employees of Defendant

Because the Court recommends that joinder of these individuals be denied, the Court would have no jurisdiction over a claim for punitive damages against them. Moreover, if the Court were to allow joinder of these individuals, thereby destroying diversity jurisdiction, the case would necessarily be remanded to state court and any substantive decisions made by this Court would be vacated. *See Gilman v. BHC Sec.*, 104 F.3d 1418, 1421 (10th Cir. 1997). Thus, the Court recommends that Plaintiff's Amended Motion for Leave to Amend Complaint be **denied** with respect to a claim for punitive damages against the three individual employees of Defendant Union Pacific, Donald A. Cook, Jason L. Brown, and Brian A. Green.

Nevertheless, Union Pacific can be vicariously liable for punitive damages levied against its employees if their actions are still within the scope of their employment. *See Grease Monkey Int'l*, 904 P.2d at 473 (Colo. 1995). For his punitive damage claim against the three employees of Union

Pacific, Plaintiff's Complaint alleges that they were "inattentive" and that their failure "to be attentive to oncoming traffic and to properly flag down Mr. Nitchman and or stop the train prior to its striking Mr. Nitchman's vehicle was a proximate cause of the collision." Third Amend. Complaint, ¶¶ 26, 27. On their face, these allegations only assert that these individuals were negligent. Plaintiff cannot rely on a simple assertion that their conduct was with reckless disregard for the rights of others without any other factual allegations than that they were "inattentive" and failed to stop. The Court finds that Plaintiff cannot establish *prima facie* proof of a triable issue of punitive damages based solely on these factual allegations. For this reason, the Court recommends that Plaintiff's Amended Motion for Leave to Amend Complaint be **denied** with respect to a claim for punitive damages against Defendant Union Pacific based on the conduct of the three individual employees of Defendant Union Pacific, Donald A. Cook, Jason L. Brown, and Brian A. Green

### 3. Punitive Damage Claim Against First Industrial, L.P.

For his claim against First Industrial, L.P., Plaintiff alleges the following in his Third Amended Complaint:

29. Failure of First Industrial, L.P., to properly cut back and maintain the vegetation on its property which encroached on the crossing area . . . .
30. Failure of First Industrial, L.P., to ensure that its storage vehicles were not parked on the street in such a way as to obscure motorist's view of the oncoming railroad crossing was a proximate cause of this collision.

Third Amended Complaint, Dock. #12-2.

The Court finds that these allegations satisfy Plaintiff's burden of *prima facie* proof of a triable issue. Once again, Plaintiff has established that First Industrial, L.P., allegedly knew of the condition surrounding this crossing and, based on its alleged action and inaction, should have known that injury was likely to result. For this reason, the Court recommends that Plaintiff's Amended

Motion for Leave to Amend Complaint be **granted** with respect to a claim for punitive damages against First Industrial, L.P.

### IV.   Conclusion

Accordingly, for the reasons stated above, the Court RECOMMENDS that Plaintiff's Amended Motion for Leave to Amend Complaint [Filed October 28, 2005; Docket #12] be **granted** in part and **denied** in part.  Specifically, the Court RECOMMENDS that Plaintiff's Motion:

be **granted** as to joinder of First Industrial, L.P.;

be **denied** as to joinder of Donald A. Cook, Jason L. Brown, and Brian A. Green;

be **granted** as to a claim for punitive damages against Union Pacific;

be **denied** as to a claim for punitive damages against Union Pacific for the conduct of Donald A. Cook, Jason L. Brown, and Brian A. Green; and

be **granted** as to a claim for punitive damages against First Industrial, L.P.

Under Fed. R. Civ. P 72, the parties shall have ten (10) days after service of this Recommendation to serve and file any written objections in order to obtain reconsideration by the District Judge to whom this case is assigned.[1]

---

[1] The party filing objections must specifically identify those findings or recommendations to which the objections are being made.  The District Court need not consider frivolous, conclusive, or general objections.  A party's failure to file such written objections to proposed findings and recommendations contained in this report may bar the party from a *de novo* determination by the District Judge of the proposed findings and recommendations.  *United States v. Raddatz*, 447 U.S. 667, 676-83 (1980); 28 U.S.C. § 636(b)(1).  Additionally, the failure to file written objections to the proposed findings and recommendations within ten (10) days after being served with a copy of this Recommendation may bar the aggrieved party from appealing the factual findings of the Magistrate Judge that are accepted or adopted by the District Court. *Thomas v. Arn*, 474 U.S. 140, 155 (1985); *Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991); *Niehaus v. Kansas Bar Ass'n*, 793 F.2d 1159, 1164 (10th Cir. 1986).

Dated at Denver, Colorado, this 4th day of April, 2006.

BY THE COURT:

s/ Michael E. Hegarty
Michael E. Hegarty
United States Magistrate Judge