IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Edward W. Nottingham**

Civil Action No. 05–cv–01219–EWN–MEH

TRAVIS NITCHMAN,

    Plaintiff,

v.

UNION PACIFIC RAILROAD COMPANY, INC.,
a Delaware Corporation,

    Defendant.

**ORDER CONCERNING MAGISTRATE JUDGE'S RECOMMENDATION**

    This matter is before the court on the magistrate judge's recommendation (#37) concerning Plaintiff's motion to amend his complaint (#12).  The recommendation is that the motion be granted in part and denied in part.  Specifically, the magistrate judge recommends that the motion to join the trainmen as defendants be denied but that the motion to join an adjacent property owner, First Industrial, L.P., be granted.  With respect to a proposed exemplary damages claim, the magistrate judge recommends that Plaintiff be permitted to assert the claim against Union Pacific and First Industrial, L.P.  Defendant Union Pacific has objected to the recommendation.  It objects, first, to the rationale for objecting to the joinder of the trainmen — but not to the result.  It also objects to the joinder of First Industrial and to the assertion of a punitive damages claim.

Unfortunately, neither side addresses the standard by which this court should review the various aspects of the magistrate judge's ruling. The standard of review which this court employs in considering a magistrate judge's submissions depends upon whether the motion before the court and magistrate judge is viewed as dispositive or non-dispositive. Under Rule 72(a) of the Federal Rules of Civil Procedure, a district court may reverse a magistrate judge's decision on a non-dispositive matter only if the decision is found to be "clearly erroneous or contrary to law." Fed. R. Civ. P. 72(a). *See also* 28 U.S.C.A. § 636(b)(1)(A) (2006)  Under the clearly erroneous standard of review, the magistrate judge's finding should not be rejected merely because the court would have decided the matter differently. *Anderson v. City of Bessemer*, 470 U.S. 564, 573, 105 S. Ct. 1504, 1511 (1985). Rather, the district court must affirm the decision of the magistrate judge unless the district court, "on the entire evidence[,] is left with the definite and firm conviction that a mistake has been committed." *Id.* at 1464 (quoting *United States v. United States Gypsum Co.*, 333 U.S. 364, 395, 68 S. Ct. 525, 542 [1948]).

For dispositive motions, however, a district court assessing a magistrate judge's recommendations for disposition must make a "de novo determination of those portions of the report . . . to which objection is made." *See* 28 U.S.C.A. § 636(b)(1) (West 1993); Fed. R. Civ. P. 72(b). "When conducting de novo review, the district court makes its own determinations of disputed issues and does not decide whether the magistrate's proposed findings are clearly erroneous." *Branch v. Martin*, 886 F.2d 1043, 1046 (8th Cir. 1989). "[W]hen a party objects to factual findings based upon conflicting evidence or testimony, the district court must indicate that it is conducting a *de novo* determination rather than review under the 'clearly erroneous'

standard." *Id.* (citing *Aluminum Co. of Am. v. United States Environmental Protection Agency*, 663 F.2d 499, 502 [4th Cir. 1981]).

The Tenth Circuit applies an "effects" test to determine whether a ruling is dispositive or non-dispositive. "[M]otions not designated on their face as one of those excepted in § 636(b)(1)(A) are nevertheless to be treated as such a motion when they have an identical effect." *First Union Mortgage v. Smith,* 229 F.3d 992, 995 (10th Cir. 2000), *citing Ocelot Oil Corporation v. Sparrow Industries,* 847 F.2d 1458, 1462 (10th Cir. 1988). A dispositive motion eliminates a party's claim or defense and is thus a final decision. *See* Fed. R. Civ. P. 72(b) (2002). The Tenth Circuit has also held that Rule 72 and section 636 must be read consistent with the Constitutional requirement that Article III judges exercise final decision making authority. *First Union Mortgage*, 229 F.3d at 996. The Tenth Circuit therefore found that the distinction between dispositive and non-dispositive motions or issues "cannot be limited to a party's claims and defenses without running into Article III concerns." *Id.*

The Tenth Circuit has employed the "effects test" by asking what effect the ruling on a particular motion will have on the final outcome of the case. *See e.g., First Union Mortgage*, 229 F.3d at 995 (held motion to remand dispositive because remand had the same effect as an involuntary dismissal by banishing the case from federal court); *Ocelot Oil,* 847 F.2d at 1462 (order striking pleadings with prejudice was dispositive because it had similar effect as an involuntary dismissal); *Ben Ezra, Weinstein, & Co., Inc. v. America Online Inc.*, 206 F.3d 980, 986-87 (10th Cir. 2000) (magistrate judge had not exceeded his authority in ruling on a routine discovery motion even though the district court subsequently granted the motion for summary

judgment; *Ocelot Oil,* 847 F.2d at 1462 ( striking of pleadings with prejudice as a rule 37 sanction for abuse of the discovery process had effect of an involuntary dismissal).

Applying the "effects" test to this case, the court will treat as dispositive the rulings concerning joinder of parties. The recommendation would end Plaintiff's claim against the trainmen in this court, and acceptance of the position reflected in Defendant's objections would similarly end Plaintiff's claim against First Industrial in this court. The motion to allow a claim for punitive damages, however, is interlocutory and remains subject to further review by this court as the case progresses. The court will therefore treat it as non-dispositive.

The court need not discuss extensively the recommendation to deny joinder of the trainmen as defendants. Defendant has objected to the reasoning, not the result. This would have some practical significance if Plaintiff were objecting to the result, because it is arguable that some case law in this circuit would foreclose Defendant from pursuing an alternate argument which it failed to preserve in responding to Plaintiff's objections. In the court's view, however, Plaintiff has not preserved any objection to the magistrate judge's ruling concerning the trainmen. He has responded to Defendant's objections, asking in a roundabout way that his motion to amend be granted but writing, curiously, in his response that "Defendant's positions lack merit, *particularly as to the joinder of First Industrial and the addition of the punitive damages claim*." (Emphasis added.) While Plaintiff goes on to make substantive arguments as to First Industrial and the punitive damages claims, he asserts nothing to demonstrate that the magistrate judge was wrong in rejecting the proposed joinder of the trainmen. Such ambiguous and tentative expressions do

not rise to the level of a firm objection.  Accordingly, the court accepts the result that the trainmen not be joined, whether for the reasons stated by the magistrate judge or by Defendant.

Concerning First Industrial, the parties do not dispute the rule that a limited partnership, for purposes of rulings on diversity jurisdiction, is a citizen of each state of which each one of its limited partners is a citizen.  *Carden v. Arkoma Associates*, 494 U.S. 185 )1990).  The issue is whether Plaintiff has sufficiently alleged diverse citizenship in its proposed amended complaint.  While the magistrate judge is correct in stating that Plaintiff need only make a *prima facie* assertion, not supply proof, the court cannot agree that Plaintiff has done so here.  The proposed Third Amended Complaint alleges only that First Industrial is "a Delaware Limited Partnership."  It lacks even an assertion, on information or belief ,if necessary, that all limited partners are citizens of states other than Colorado.  This is not even a *prima facie* assertion of jurisdiction because the assertion of jurisdiction is simply insufficient on its face.  The court declines to allow joinder of First Industrial in these circumstances.  Plaintiff's alternative argument that Union Pacific lacks standing to raise the question is unavailing, because federal subject matter jurisdiction is a critical matter which the court may even consider *sua sponte*.

For reasons previously stated, the court will treat the punitive damages issue as non-dispositive and review the magistrate judge's ruling to determine whether it is clearly erroneous or contrary to law.  Under this standard, Defendant has fallen far short of supplying a reason for questioning the magistrate judge's ruling.

For the reasons stated herein, it is

**ORDERED** as follows:

1. The magistrate judge's recommendation/order is ACCEPTED in part and REJECTED in part.

2. The recommendation is ACCEPTED insofar as it pertains to joinder of the trainmen, and the motion to amend to add them as parties is DENIED.

3. The objections to the order permitting assertion of a punitive damages claim are OVERRULED, and the order permitting this amendment is AFFIRMED.

4. The recommendation is REJECTED insofar as it concerns joinder of First Industrial. The motion to amend to join First Industrial as a party is DENIED.

5. Within ten days, Plaintiff may file an amended complaint in conformance with the rulings made herein.

Dated this 26th day of September, 2006.

BY THE COURT:

s/ Edward W. Nottingham
EDWARD W. NOTTINGHAM
United States District Judge