IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 05-cv-01219-EWN-MEH

TRAVIS NITCHMAN,

Plaintiff,

v.

UNION PACIFIC RAILROAD COMPANY, INC.,

Defendant.

## ORDER[1] ON MOTION TO STRIKE

**Entered by Michael E. Hegarty, United States Magistrate Judge.**

Before the Court is Defendant's Motion to Strike [Docket #85] directed to portions of Plaintiff's Third Amended Complaint. Pursuant to 28 U.S.C. § 636(b)(1)(A) and D.C. COLO. L.Civ.R 72.1, this matter has been referred to this Court for resolution. The matter is briefed, and oral argument would not materially assist the Court in adjudicating this motion. For the reasons stated below, the Court will **grant** the Motion to Strike as specified herein.

**I.    Factual and Procedural Background**

Plaintiff previously filed an Amended Motion for Leave to Amend Complaint, in which Plaintiff sought to join additional parties and to include claims for punitive damages. This Court issued a recommendation, which District Judge Nottingham adopted in part and rejected in part. Judge Nottingham did not allow Plaintiff to join additional parties but did allow Plaintiff to assert

---

[1] The Court treats Plaintiff's claim for punitive damages as non-dispositive pursuant to District Judge Nottingham's Order dated September 26, 2006, treating Plaintiff's punitive damages claim in the same manner because the issue "remains subject to further review by this court as the case progresses." Dock. #79 at p. 4.

punitive damage claims as contemplated in this Court's Recommendation. Plaintiff then filed his Third Amended Complaint, which Defendant alleges does not comport with this Court's Orders.

Specifically, Plaintiff initially sought to include punitive damages claims against Union Pacific, against the employees of Union Pacific, and against First Industrial, L.P. This Court found that a punitive damages claim was appropriate based on the conduct of Defendant Union Pacific. Although the Court concluded that Defendant Union Pacific could be vicariously liable for the actions of its employees, the Court concluded that the factual allegations raised by Plaintiff did not establish *prima facie* proof of a triable issue of punitive damages for their conduct.

Defendant objected to various aspects of the Recommendation, and District Judge Nottingham entered his Order on September 26, 2006. Regarding the punitive damages claim, District Judge Nottingham first found the issue to be "interlocutory and . . . subject to further review by this court as the case progresses." Considering the issue to be non-dispositive, he affirmed this Court's holding on the issue of punitive damages. Plaintiff was directed to file an amended complaint "in conformance with the ruling made herein." Dock. #79, p. 6.

Plaintiff filed its Third Amended Complaint, including the following statements to which Defendant objects:

¶27. On the day of the incident, the train crew heedlessly and recklessly disregarded the danger of this crossing to oncoming motorists such as Mr. Nitchman.

¶55. The negligence of the Defendant was attended by circumstances of fraud, malice or willful and wanton conduct, and should result in an award of reasonable exemplary damages pursuant to C.R.S. 13-21-102.

¶56. The actions and inactions of the Defendants in failing to . . . *provide a competent employee to properly warn and stop traffic at an obviously blind crossing* . . directly resulted in the severe and permanent injuries to Mr. Nitchman. Defendant's conduct was patently dangerous, and was done heedlessly and recklessly, without regard to

2

> consequences or of the rights and safety of others. . .

Dock. #83 (emphasis added). Defendant argues that these statements do not conform to the Court's Order, with regard to any punitive damages claim based on the actions of the Defendant's employees. In response, Plaintiff argues that this Court acknowledged the potential for vicarious liability and held only that the facts alleged were insufficient to state a claim for punitive damages based on the employees' conduct. Plaintiff further contends that these new allegations do support a claim for punitive damages, which he argues was contemplated by this Court's Recommendation.

**II.    Discussion**

Pursuant to Fed. R. Civ. P. 12(f), this Court "may order stricken from any pleading any insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." At issue here is whether the contested statements in Plaintiff's Third Amended Complaint are in conformance with the ruling of District Judge Nottingham that affirmed this Court's Recommendation on Plaintiff's punitive damages claim.

First, Plaintiff did not seek leave to amend his Complaint in any manner other than as contemplated in his Third Amended Complaint as attached to his Amended Motion for Leave to Amend. Dock. #12. Defendant received an opportunity to object to the sufficiency of those allegations, unlike the new allegations raised by Plaintiff in his newly-filed Third Amended Complaint. Accordingly, the Court finds the liberties Plaintiff took in adding new allegations to his Complaint to be inappropriate, without first seeking leave to amend.

Second, the new allegations raised by Plaintiff suffer from the same deficiency as Plaintiff's initial allegations against the individual employees of Defendant. Simply concluding that the individual employees were heedless and reckless does not establish *prima facie* proof of a triable issue

on punitive damages. Plaintiff has not set forth any specific allegations regarding the conduct of the individual employees that can support a claim for punitive damages.

Third, Plaintiff also argues that some of these allegations can properly be raised solely against Defendant Union Pacific. The Court agrees. Paragraph 55 properly relates to Defendant. The allegations in Paragraph 27 and the italicized portion of Paragraph 56 do not conform with the Court's Orders and are insufficient to support a claim for punitive damages. As such, these statements are ordered stricken from Plaintiff's Third Amended Complaint.

## III. Conclusion

Accordingly, for the reasons stated above, Defendant's Motion to Strike [Filed October 16, 2005; Docket #85] is **granted** as specified. Specifically, Paragraph 27 and the words "*provide a competent employee to properly warn and stop traffic at an obviously blind crossing*" in Paragraph 56 are ordered **stricken** from Plaintiff's Third Amended Complaint.

Dated at Denver, Colorado, this 1st day of December, 2006.

BY THE COURT:

s/ Michael E. Hegarty
Michael E. Hegarty
United States Magistrate Judge