IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Edward W. Nottingham**

Civil Action No. 05–cv–01219–EWN–MEH

TRAVIS NITCHMAN,

     Plaintiff,

v.

UNION PACIFIC RAILROAD COMPANY, INC.,

     Defendant.

---

## ORDER AND MEMORANDUM OF DECISION

This matter is before the court on "Defendant Union Pacific Railroad Company's Motion for Partial Summary Judgment," filed on July 14, 2006.  Jurisdiction is premised upon 28 U.S.C. § 1332 (2006).

On July 14, 2006, Defendant filed its motion for partial summary judgment.  (Def. Union Pacific R.R. Co.'s Br. in Supp. of its Mot. for Partial Summ. J. to Pl.'s Second Am. Compl. [filed July 14, 2006].)  On August 26, 2006, I granted Plaintiff leave to file a third amended complaint. (Order [filed Aug. 26, 2006].)  Plaintiff subsequently filed his third amended complaint.  (Third Am. Compl. [filed Oct. 6, 2006].)

Defendant's motion for partial summary judgment concerning Plaintiff's second amended complaint is moot.  A pleading that has been amended under Federal Rule of Civil Procedure 15(a) supercedes the pleading it modifies.  *Gilles v. United States*, 906 F.2d 1386, 1389 (10th Cir.

1990).  In the instant case, there can be no question that Plaintiff's third amended complaint

supersedes his second amended complaint.  Accordingly, Defendant's motion for summary

judgment is moot because it is directed at an inoperative pleading.

Moreover, Defendant did not attach a copy of Plaintiff's second amended complaint —

which I surmise was filed in state court — to his notice of removal.  (*See* Notice of Removal, Ex.

A [Copy of State Court Process and Pleadings] [filed June 30, 2005].)  Instead, Defendant

attached an incomplete copy of Plaintiff's first amended complaint, which is missing the pages

containing two claims for relief at issue on Defendant's partial summary judgment motion.  (*See*

*id.*)  This omission would tie my hands were I inclined to compare the first amended complaint

with the third amended complaint to ascertain whether the claims at issue on Defendant's motion

were materially affected by subsequent amendments.  Thus, even had Plaintiff's second amended

complaint had not been superceded, I would still decline to entertain Defendant's motion.

Based on the foregoing it is therefore ORDERED that:

Defendant's motion for partial summary judgment (#65) is DENIED as moot.


Dated this 8th day of January, 2007

BY THE COURT:


s/ Edward W. Nottingham
EDWARD W. NOTTINGHAM
United States District Judge