IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 05-cv-01219-EWN-MEH

TRAVIS NITCHMAN,

    Plaintiff,

v.

UNION PACIFIC RAILROAD COMPANY, INC.,

    Defendant.

**ORDER[1] ON MOTION FOR LEAVE TO FILE FOURTH AMENDED COMPLAINT**

**Entered by Michael E. Hegarty, United States Magistrate Judge.**

    Before the Court is Plaintiff's Motion for Leave to File Fourth Amended Complaint [Docket #91]. Pursuant to 28 U.S.C. § 636(b)(1)(A) and D.C. COLO. L.Civ.R 72.1, this matter has been referred to this Court for resolution. The matter is briefed, and oral argument would not materially assist the Court in adjudicating this motion. For the reasons stated below, the Motion to Amend is **granted**.

**I.    Factual and Procedural Background**

    Plaintiff previously filed an Amended Motion for Leave to Amend Complaint, in which Plaintiff sought to join additional parties and to include claims for punitive damages. This Court issued a recommendation, which District Judge Nottingham adopted in part and rejected in part. Judge Nottingham did not allow Plaintiff to join additional parties but did allow Plaintiff to assert

---

[1] The Court treats Plaintiff's claim for punitive damages as non-dispositive pursuant to District Judge Nottingham's Order dated September 26, 2006, treating Plaintiff's punitive damages claim in the same manner because the issue "remains subject to further review by this court as the case progresses." Dock. #79 at p. 4.

punitive damage claims as contemplated in this Court's Recommendation. Plaintiff then filed a Third Amended Complaint, which this Court ordered stricken for failure to comply with this Court's Recommendation as adopted by District Judge Nottingham.

The addition in Plaintiff's Fourth Amended Complaint is once again a claim for punitive damages against Union Pacific based on the individual conduct of Defendant's employees. This Court has previously noted that Defendant may be held vicariously liable for the actions of its employees in this regard, and Defendant has not objected to this determination. Furthermore, neither party has addressed the extent to which an employer may be liable for punitive damages based on the conduct of its employees in conjunction with this motion.

Plaintiff's Fourth Amended Complaint sets forth the following additional allegations in support of its punitive damage claim:

> ¶14. The train did not sound its whistle until it was too late for Mr. Nitchman to recognize the large engine bearing down on his vehicle.
>
> ¶15. Other than the very late warning whistle, Mr. Nitchman was given absolutely no warning that a train was approaching the crossing.
>
> ¶16. Union Pacific's employee, a brakeman, was supposed to warn oncoming motorists of the train's approach to the crossing and it not do so.
>
> ¶17. Mr. Nitchman was not signaled by anyone nor warned to stop.
>
> ¶25. The entire train crew, comprised of Union Pacific employees Cook, Brown and Green, was inattentive and their inattention was a proximate cause of the collision.
>
> ¶26. Each of the members of the train crew was aware, prior to this accident, that this was a dangerous crossing because of the visibility problems inherent to it from the perspectives of both a motorist and a train crew. They knew that they needed to take extra safety precautions at this crossing but did not do so.

Dock. #91-3, pp. 2-4. Plaintiff argues that these facts support a triable issue as to the reckless

disregard of Defendant's employees. Plaintiff also asserts that good cause exists to amend his Complaint out of time because he did not complete the depositions of Defendant's employees and learn these facts until December 2005 and January 2006. At that time, Plaintiff's Amended Motion to Amend was pending, and that matter was not resolved until September 26, 2006. In his Third Amended Complaint, Plaintiff attempted to include a punitive damage claim based on the conduct of Defendant's employees, but the Court struck those allegations on December 1, 2006. The instant motion was filed on December 19, 2006.

In response, Defendant argues that Plaintiff cannot establish good cause to amend out of time because he was not diligent in seeking this amendment under the proper time line and that the depositions revealed no new facts. Defendant further argues that no significant differences in the allegation in Plaintiff's Third and Fourth Amended Complaints exist sufficient to support *prima facie* proof of a triable issue of punitive damages.[2]

Plaintiff's Reply argues that good cause exists as required by Rule 15(d)[3] and that he was

---

[2] The Court notes that Plaintiff's Third and Fourth Amended Complaints contain substantially similar factual allegations, and that the Court found Plaintiff's Third Amended Complaint to be insufficient to support a claim for punitive damages based on the conduct of Defendant's employees. The Court's review of the Third Amended Complaint was limited to the paragraphs Defendant sought to strike from that Complaint. *See* Dock. #90, pp. 2-4. Now that Plaintiff has filed a proper motion to amend, the Court will address all factual allegation set forth by Plaintiff in the Fourth Amended Complaint.

[3] Plaintiff cites to Rule 15(d) for the good cause standard for amendment of pleadings. Dock. #95, ¶2. However, Rule 15(d) allows a litigant to supplement a pleading based on facts that have occurred since the original pleading was filed. In the present case, the issue does not relate to facts that occurred afer the original pleading, but to prior facts that became known after the original pleading. In this instance, Rule 15(d) has no application. Rather, the proper good cause standard is premised on Rule 16(b), which the Tenth Circuit has not concluded applies to the amendment of a complaint. *See Minter v. Prime Equip. Co.*, 451 F.3d 1196, 1204 (10th Cir. 2006). Nevertheless, a good cause standard requiring diligence produces essentially the same result as a finding of no undue delay and no undue prejudice under Rule 15(a).

diligent in seeking the discovery that supported this punitive damage claim but waited until the pending motion to amend had been resolved before asserting this claim. Plaintiff states that he did not learn of Defendant's employees' familiarity with the dangerous crossing until after the deadline for amendments.

## II.     Discussion

Pursuant to Fed. R. Civ. P 15(a), the Court is to freely allow amendment of the pleadings "when justice so requires." "Refusing leave to amend is generally only justified upon a showing of undue delay, undue prejudice to the opposing party, bad faith or dilatory motive, failure to cure deficiencies by amendments previously allowed, or futility of amendment." *Frank v. U.S. West, Inc.*, 3 F.3d 1357, 1365 (10th Cir. 1993). "In the Tenth Circuit, untimeliness alone is an adequate reason to refuse leave to amend." *Duncan v. Manager, Dep't of Safety*, 397 F.3d 1300, 1315 (10th Cir. 2005). Although Defendant relies on the good cause standard for amending the Scheduling Order un Rule 16(b), the Tenth Circuit has more recently held that the timeliness of the amendment and the prejudice to a defendant are to be the crux of the inquiry. *Minter*, 451 F.3d at 1204.

### A.     Undue delay

A motion to amend should be denied if a plaintiff has unduly delayed in seeking the amendment. *Wessel v. City of Albuquerque*, 299 F.3d 1186, 1197 (10th Cir. 2002) (citing cases). The important inquiry is not simply whether Plaintiff has delayed, but whether such delay is undue. *Minter*, 451 F.3d at 1206. Delay is undue "when the party filing the motion has no adequate explanation for the delay," *Frank*, 3 F.3d at 1365-66, or when "the party seeking amendment knows or should have known of the facts upon which the proposed amendment is based but fails to include them in the original complaint." *Las Vegas Ice & Cold Storage Co. v. Far West Bank*, 893 F.2d

1182, 1185 (10th Cir. 1990) (citation omitted).

Here, Plaintiff states that he became aware of the facts necessary to support a claim for punitive damages when he took the depositions of Defendant's employees in December 2005 and January 2006. While Defendant argues that Plaintiff was aware that the crossing was "obviously blind" when the original Complaint was filed, Plaintiff contends that he did not know how familiar Defendant's employees were with this crossing until he took their depositions. Defendant also asserts that Plaintiff could have taken these depositions at an earlier date, but Defendant cannot establish that Plaintiff could have done so in time to meet the original deadline for the amendment of pleadings.

Moreover, Plaintiff's explanation for seeking the amendment now is that his Amended Motion to Amend was pending when the depositions were taken, which sought to add a claim for punitive damages based on the facts known prior to the deposition. After the motion was denied, as to the claim for punitive damages based on the conduct of Defendant's employees, Plaintiff sought to amend his complaint with allegations sufficient to support such a claim. Dock. #83. Defendant filed its Motion to Strike this claim from the Complaint, because Plaintiff did not seek leave of the Court to add this claim. The Court agreed and struck this claim on December 1, 2006. Dock. #90. Plaintiff filed the instant Motion on December 19, 2006. Thus, the delay between Plaintiff learning facts alleged to support a claim for punitive damages and this motion is largely attributable to Plaintiff's then pending Amended Motion to Amend. Although Plaintiff could have sought to supplement that motion to add the necessary factual allegations, the Court cannot conclude that waiting for the Court's ruling on its previous motion constitutes undue delay. In this regard, the Court finds that Plaintiff's Motion is "timely" as contemplated for Rule 15(a).

### B.     Undue Prejudice

A defendant is prejudiced by an untimely amendment if the amendment will alter the focus of the case at a date that is too late for the defendants to adequately prepare for trial.  *Orr v. City of Albuquerque*, 417 F.3d 1144, 1153 (10th Cir. 2005) ("[A] plaintiff should not be prevented from pursuing a valid claim just because she did not set forth in the complaint a theory on which she could recover, provided always that a late shift in the thrust of the case will not prejudice the other party in maintaining his defense upon the merits.") (citation omitted).  Prejudice is most likely to be found "when the amended claims arise out of a subject matter different from what was set forth in the complaint and raise significant new factual issues."  *Minter*, 451 F.3d at 1208.

In the present case, the Court sees no prejudice to Defendant.  Since Plaintiff sought his first amendment in October 2005, Plaintiff has argued that the conduct of the Defendant's employees warranted a claim for punitive damages (Dock. #12), and Plaintiff's Amended Motion to Amend was not finally resolved until September 26, 2006.  Dock. #79.  Thus, while Plaintiff's currently proposed amendment is sought over one year after the depositions were taken, Defendant has been aware of Plaintiff's attempts to assert this claim, and have objected to these attempts, for the past fifteen months.  Moreover, Plaintiff does not assert a new legal theory, which would potentially support prejudice.  Instead, Plaintiff simply argues that the conduct of Defendant's employees, based on their previous familiarity with this crossing, should support a claim for punitive damages.  Accordingly, the Court concludes that Defendant will not be prejudiced by this amendment, because they have been aware of the Plaintiff's claim since October 2005.

### C.     Futility

Once the Court determines that Plaintiff has not unduly delayed in seeking this amendment

6

and that Defendant will not be unduly prejudiced, the Court must separately determine whether allowing the amendment is futile. *Bradley v. Val-Mejias*, 379 F.3d 892, 901 (10th Cir. 2004). An amendment is futile if it would not survive a motion to dismiss. Dismissal is warranted, and therefore amendment is futile, only if Plaintiff can prove no set of facts in support of his amendment that would entitle him to relief. *E.g., Beckett v. United States*, 217 F.R.D. 541, 543 (D. Kan. 2003). In this case, the Court is exercising diversity jurisdiction, which requires the Court to follow federal procedural law and state substantive law. *Boyd Rosene & Assocs., Inc. v. Kansas Mun. Gas Agency*, 174 F.3d 1115, 1118 (10th Cir. 1999). Thus, the Court may allow the amendment, procedurally under Rule 15(a), if the amendment is not futile under state substantive law.

Colorado law applies here. Pursuant to C.R.S. § 13-21-102(1.5)(a), a Complaint cannot initially include a request for exemplary damages. Instead, the Plaintiff must seek leave of the Court to amend his Complaint to include a request for exemplary damages after initial disclosures are exchanged, and plaintiff can establish *"prima facie* proof of a triable issue." C.R.S. § 13-21-102(1.5)(a). *See also American Economy Insurance Company v. Schoolcraft*, No. 05-1870, 2007 U.S. Dist. LEXIS 3261 (D. Colo. Jan. 16, 2007) (Babcock, C.J.) (concluding that the state law requirements must be met because to the extent that this law affects procedural law, it does not conflict with federal procedural law). Exemplary or punitive damages are only appropriate if the actions of Defendant's employees in causing injury to Plaintiff were "attended by circumstances of fraud, malice, or willful and wanton conduct." C.R.S. § 13-21-102(1)(a). "Willful and wanton conduct, as relevant here, 'means conduct purposefully committed which the actor must have realized as dangerous, done heedlessly and recklessly, without regard to consequences, or of the rights and safety of others. . .'." *American Economy Insurance Company*, 2007 U.S. Dist. LEXIS 3261 at *9

(quoting C.R.S. § 13-21-102(1)(b)).

To support his claim for punitive damages based on the conduct of Defendant's employees, Plaintiff alleges that these employees were familiar with this crossing, knew the dangers of this crossing, and acted heedlessly and recklessly by not warning Plaintiff before entering the crossing. "When the defendant is conscious of his conduct and the existing conditions and knew or should have known that injury would result, the statutory requirement of section 13-21-102 are met." *Coors v. Security Life of Denver Ins. Co.*, 112 P.3d 59, 66 (Colo. 2005). According to the Third Amended Complaint, the railroad crossing at issue in this case is alleged to have poor visibility and is virtually unnoticeable from the street, because the tracks are hidden behind a building. *See* Dock. #83. Defendant contends that Plaintiff's claims asserts only negligence on the part of the Defendant's employees. Even so, the crucial inquiry to this Court is whether the allegedly negligent actions of Defendant's employees occurred with their knowledge of the existing dangerous conditions. The depositions of Defendant's employees establishes their familiarity with the crossing, and they allegedly failed to warn Plaintiff before crossing this intersection. Under Colorado law, these facts are sufficient to establish *prima facie* proof of a triable issue. *See Hartshorn Properties LLC v. BNSF Railway Co.*, No. 06-663, 2006 U.S. Dist. LEXIS 89130 (D. Colo. Dec. 7, 2006) (noting that relevant consideration is only "of amendment, not summary judgment"). Thus, Plaintiff's amendment is not futile.

### III. Conclusion

Accordingly, for the reasons stated above, Plaintiff's Motion for Leave to File Fourth Amended Complaint [Filed December 19, 2006; Docket #91] is **granted**. Plaintiff has not delayed unduly in seeking this amendment, and the Court can find no prejudice resulting to Defendant.

Plaintiff is directed to file his Fourth Amended Complaint, as filed as Docket #91-3, on or before **February 5, 2007**.

Dated at Denver, Colorado, this 31st day of January, 2007.

BY THE COURT:

s/ Michael E. Hegarty
Michael E. Hegarty
United States Magistrate Judge